### Lou Pritchard, Appellee, v. Village of Carrier Mills, Illinois, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Lou Pritchard, plaintiff, against Village of Carrier Mills, Illinois, defendant, to recover for personal injuries due to a defective plank crossing over a ditch. From a judgment for plaintiff for $1,000, defendant appeals.

For the decision of the court on a prior appeal, see 199 Ill. App. 25.

MARSH, STILWELL & FINNEY, for appellant; A. C. LEWIS, of counsel.

GEORGE R. STONE, for appellee; A. E. SOMERS and GEORGE W. PILLOW, of counsel.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1725*—*when decision on former appeal is binding.* The opinion and judgment of the Appellate Court on one appeal in a cause is binding upon it and the trial court, and the questions there determined cannot be reviewed on subsequent appeals in the cause when the record is the same or substantially so.

2. APPEAL AND ERROR, § 1725*—*when decision on former appeal is binding on question of sufficiency of evidence.* In an action by a woman pedestrian against a village to recover damages for personal injuries, due to the breaking of a defective plank crossing over a ditch in one of defendant's streets, evidence *held* to be substantially the same on the second appeal as on the first appeal so as to render the decision of the court on the first appeal, that the verdict was against the weight of evidence, binding.

3. MUNICIPAL CORPORATIONS, § 1104*—*when instruction in action for personal injuries is erroneous as assuming crossing over ditch to be sidewalk.* In an action by a woman pedestrian against a village to recover damages for personal injuries, due to the collapse of a plank crossing over a ditch in one of defendant's streets, an instruction assuming that the plank constituted a sidewalk was erroneous, where the evidence tended to show that it was placed there by a certain person and used by the public without the village as such having anything to do with it, and that a bridge over the same ditch was constructed not only for horses and vehicles but also for pedestrians.

4. MUNICIPAL CORPORATIONS, § 1104*—*when instruction is erroneous as assuming it to be duty of village board to look after plank crossing.* In an action by a woman pedestrian against a village to recover damages for personal injuries, due to the collapse of a plank crossing over a ditch in one of defendant's streets, an instruction assuming that it was the duty of the village board to look after the crossing was erroneous, where it appeared that the plank was placed there by a·third person and it was a disputed question whether the village either directly or indirectly adopted the plank as a crossing.

5. MUNICIPAL CORPORATIONS, § 993*—*when duty of city to keep sidewalk in repair.* Where a city or village undertakes to construct a sidewalk or take control of a sidewalk constructed by others, it then becomes the duty of said city or village to keep said sidewalk in a reasonable state of repair.

6. MUNICIPAL CORPORATIONS, § 1107*—*when question for jury*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*whether plank crossing over ditch is sidewalk.* In an action by a woman pedestrian against a village to recover damages for personal injuries, due to the collapse of a plank crossing over a ditch in one of defendant's streets, evidence *held* to present a jury question as to whether the plank, which was placed over the ditch by a third person, was a sidewalk.

7. MUNICIPAL CORPORATIONS, § 1098*—*when contributory negligence of person crossing over ditch on plank crossing is shown.* In an action by a woman pedestrian against a village to recover damages for personal injuries, due to the collapse of a plank crossing over a ditch in one of defendant's streets, where it appeared that there was a bridge over the ditch in the center of the street and that the plank was narrow and slippery, evidence *held* sufficient to sustain a finding that plaintiff was guilty of contributory negligence.